# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. CAVANAUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00832 LJO JLT<br><br>FINDINGS AND RECOMMENDATION TO GRANT THE MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. 28) |

    The plaintiff is housed at Atascadero State Hospital. In this action, he alleges that he was housed for four weeks at Kern County's Lerdo Pre-Trial Facility in order to attend a hearing in Kern County Superior Court. While there, he was misclassified and erroneously placed in a cell with Norteno gang members despite that he was a Norteno gang drop-out. Within days, he was attacked and suffered injuries. He asserts the state defendants should have acted to prevent his injuries. Based upon these allegations he claims the defendants should be held liable under the Eighth Amendment for deliberate indifference to his constitutional rights and for conspiracy and for negligence under state law.

    At the time the plaintiff committed the offenses that gave rise to his commitment to a state hospital, he was a prisoner. In that action, he was found not guilty by reason of insanity and committed to the state hospital. Before he was transferred to the hospital, he was erroneously released but was

1  returned to custody soon thereafter (Doc. 32 at 4)[1].

2  The Court agrees that the Eighth Amendment does not apply in this case and will recommend that the motion be **GRANTED** with leave to amend to add claims based upon the Fourteenth Amendment.

**A.    Eighth Amendment**

The Eighth Amendment to the United States Constitution protects convicted prisoners from cruel and unusual punishment. Conversely, detainees may not be punished at all. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A person who has been found to be not guilty of a crime due to insanity, by definition is not a convicted prisoner even if he continues to be detained. *Id*. at 534; *Hydrick v. Hunter*, 500 F.3d 978, 994 (9th Cir. 2007), reversed on other grounds 556 U.S. 1256 (2009); *Huss v. Rogerson*, 271 F.Supp.2d 1118, 1124 (S.D. Iowa 2003).

The plaintiff does not dispute that the Fourteenth Amendment applies (Doc. 32 at 3). However, he claims that because he was on parole at the time he was returned to custody to place him in the state hospital for the purpose of restoring his sanity, that he was *both* a detainee *and* a convicted prisoner. *Id* at 4. He suggests that state law controls[2]; he is mistaken.

Whether the Eighth Amendment to the United States Constitution applies presents a question of federal, not state, law. Thus, though the Court agrees with the plaintiff that habeas jurisdiction may continue in many cases after a convicted person has been released on parole (See Doc. 32 at 4), this has no bearing on the facts at hand. There is no allegation the plaintiff was ordered confined at the state hospital for any reason other than the fact that he was found not guilty by reason of insanity under California's Penal Code § 1026 on new law violations. Indeed, he admits that this is the reason. The suggestion that because he had been previously convicted of a felony and failed to satisfactorily complete his term of parole before again being taken into custody means that he was still a convicted prisoner for purposes of this case, is not well-taken. Indeed, the Eighth Amendment was designed as a

---

[1] The Court recognizes these facts were not alleged in the plaintiff's pleading, but were mentioned in the opposition and by counsel at the hearing.. They are added to allow a full understanding of the complaint and to consider whether a claim could be stated under the Eighth Amendment.

[2] Notably, for habeas jurisdiction to exist, the key issue is not whether the person remains on parole but whether he remains "in custody" such that he continues to suffer a significant restraint on his liberty as a result of the sentence. *See Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). Even if he does, however, this does not mean the government would be free to punish him if he is later charged with a new crime without having first being *convicted* of these charges.

method of curbing how the government could treat prisoners. If the plaintiff's thesis—"once a convicted prisoner, always a convicted prisoner"—is correct, this would mean that the government would be free to punish him no matter whether he was in custody on new charges and no matter whether he was convicted of these charges; this is simply not the law.

On the other hand, the plaintiff is confounded by the fact that the County of Kern defendants answered the complaint rather than challenging the application of the Eighth Amendment by way of a Rule 12 motion. *Id.* at 1, 3. He asserts that their failure to do so admits that the Eighth Amendment applies. *Id*. at 2. However, the County defendants *denied* the truth of the allegations at paragraphs 61 and 73. (Doc. 10 at 2-3) Even had they failed to deny these paragraphs, as a matter of law, the Eighth Amendment does not apply.

**B.      Claims against Price and Fennell**

The Civil Rights Act (42 U.S.C. § 1983) requires a plaintiff to plead and prove an actual connection or link between the actions of the defendants and the deprivation alleged he claims he suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. To do so, the plaintiff must clearly identify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

The defendants argue that in the first cause of action, the plaintiff fails to allege how Price and Fennel acted to cause the harm he suffered. However, this cause of action is not asserted against Fennel; he is not mentioned at all. As to Price, the plaintiff agrees that he may be dismissed at this time and, if discovery reveals he should be named, will seek to add him at that time (Doc. 32 at 6). Thus, the motion as to these defendants on the first and second causes of action is moot.

3

As to the final cause of action, the complaint specifically alleges that Fennel withheld information from the County defendants and in doing so caused the plaintiff to be misclassified when the County defendants determined his housing arrangements at the Lerdo PreTrial facility. (Doc. 1 at 12, ¶ 58) Whether this occurred and whether Fennel, as the Medical Director had any role in the information relayed to the Kern officials is something that will be determined in discovery.[3] Though it may seem unlikely that this is the case, it is not implausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**C.     State law negligence**

The plaintiff alleges the defendants should be held liable for a violation of California's Civil Code § 1714(a). This section reads,

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

Though the plaintiff references other provisions of the Government Code early in his complaint (Doc. 1 at 3, ¶ 4) and then incorporates all of the earlier allegations into this cause of action (Doc. 1 at 15, ¶ 79), he has clarified that he intends to proceed only on Civil Code § 1714(a). (Doc. 32 at 7). However, because he incorporates these paragraphs into the claim, the motion should be granted with leave to amend.

**D.     Request to seal**

The defendants have attached records from the plaintiff's underlying convictions and his later appellate efforts. The plaintiff requests these documents to be sealed. His only justification for this is that having them on the docket makes it easier for potential jurors to see them. He does not dispute these documents are already public record in other courts.

Federal Rule of Civil Procedure 26(c) determines when documents may be sealed. The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other

---

[33] Should the plaintiff lack a good faith belief that Price, as the Executive Director of ASH, actually played such a role, he is obligated to plead honestly and his failure to do due so could result in sanctions under Fed.R.Civ.P. 11.

confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth how a request to seal documents should be made. In addition, the legal authority recited here demonstrates that sealing may occur *only* if good cause is shown. Thus, the Court does not find the good cause needed to grant the request.

### E. Request for judicial notice

The defendants request the Court take judicial notice of documents—some of which are records of other courts. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). Thus, the Court **GRANTS** the request for judicial notice of these records (Doc. 28-1 at 5-7). The Court does not consider the remaining documents in connection with this motion so, as to those documents

(Doc. 28-1 at 8-34), the request is **MOOT**.

**ORDER**

1. The request for judicial notice as to the state court records (Doc. 28-1 at 5-7) is **GRANTED**;

2. The request for judicial notice as to all other records (Doc. 28-1 at 8--34) is **MOOT**;

**FINDINGS AND RECOMMENDATION**

Based upon the discussion set forth above, the Court finds and recommends:

1. The motion to dismiss the complaint where it is based upon the Eighth Amendment should be **GRANTED** without leave to amend to reassert Eighth Amendment claims but with leave to amend to assert claims under the Fourteenth Amendment;

2. The claim based upon state law negligence should be **GRANTED** with leave to amend;

3. Plaintiff's request to dismiss defendant Price should be **GRANTED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 7 days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 12, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE