LAW OFFICE OF KEN I. KARAN
Ken I. Karan, Esq., California State Bar No. 204843
2907 Shelter Island Drive, Ste. 105-215
San Diego, CA 92106
(760) 420-5488
Fax (866) 841-5420
E-mail: kkaran.law@gmail.com
*Attorney for Plaintiff Patrick J. Cavanaugh*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. CAVANAUGH,<br><br>　　　　Plaintiff,<br>　vs.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00832-LJO-JLT<br><br>**STIPULATED PROTECTIVE ORDER RE KERN BEHAVIORAL HEALTH AND RECOVERY SERVICE'S RECORDS, [PROPOSED] ORDER**<br><br>(Doc. 52) |

## STIPULATION

The parties, Plaintiff Cavanaugh; Defendants Youngblood, Hull, Jennings, Fuentez (County Defendants); and Defendants David Landrum, David Fennell, Christopher Guzman, Dillion Morgan (State Defendants) by and through counsel, enter this stipulation for a protective order concerning Kern Behavioral Health & Recovery Services' records of medical and/or mental health care given to Plaintiff.

**A.  Recitals**

1. Plaintiff subpoenaed Kern Behavioral Health & Recovery Services' records of medical and/or mental health care given to Plaintiff, and defendants have joined in that subpoena.

2. On information and belief, the subpoenaed records implicate medical and mental health records protected by public policy and Plaintiff's privacy rights.

3. On information and belief, Kern Behavioral Health & Recovery Services requires specific authorization from Plaintiff Cavanaugh before it will produce the records subpoenaed.

4. Plaintiff Cavanaugh seeks to condition the authorization to release the subpoenaed records on a Court-issued protective order.

**B.  Protective Order**

1. Unless otherwise ordered by the Court or permitted in writing by the Defendants' attorney, the subject records of Kern Behavioral Health and Recovery Services and/or their contents may be disclosed only to:

(a) Any attorney licensed by the State of California who represents Plaintiff Cavanaugh or the County Defendants or the State Defendants in this action, including the agents and employees of such attorney whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b) Any expert (defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by counsel for Plaintiff Cavanaugh, or the County Defendants or the State Defendants in this action to serve as an expert witness or as a consultant in this action) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c)(1) During their depositions, witnesses in the action who are not employed by the Kern Behavioral Health and Recovery Services and to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is

attached hereto as Exhibit A, unless otherwise agreed by the parties' counsel or ordered by the court.

(c)(2) Pages of transcribed deposition testimony or exhibits to depositions that discuss, identify or reveal the contents of Kern Behavioral Health and Recovery Services must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(d) The Court, its personnel, and court reporters, in the course of any oral hearing, with any copy of the Kern Behavioral Health and Recovery Services records, in total or in excerpted pages, to be filed under seal.

2. Without written permission from the Plaintiff Cavanaugh's counsel or a court order secured after appropriate notice to all interested persons, Defendants may not file any portion or all of Kern Behavioral Health and Recovery Services records in the public record of this action, whether separately or as part of any motion, opposition, or other brief.

**C.   Marking of Kern Behavioral Health and Recovery Services Records**

1. Should the Kern Behavioral Health and Recovery Services records, in total or in excerpted pages, be produced to any of the persons listed in paragraph B1, the Plaintiff and the Defendants shall write in bold or otherwise affix the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN CASE NUMBER 1:17-cv-00832" in a noticeable place on each page of the document.

2. Should Kern Behavioral Health and Recovery Services records, in total or in excerpted pages, or their contents be addressed, discussed or identified in deposition or in a court hearing, Plaintiff may identify on the record, before the close of the deposition, hearing, or other proceeding, all information subject to this Protective Order.

**D.   Unauthorized Disclosure/Release of Protected Material**

If any Defendant or their counsel learns that, by inadvertence or otherwise, they have disclosed and/or released the Kern Behavioral Health and Recovery Services records, in total or in excerpted pages, to any person or in any circumstance not authorized under this Stipulated Protective Order, then they must immediately:

(1) notify Plaintiff's counsel in writing and, if possible, by telephone call, of the unauthorized disclosure and/or release;

(2) use their best efforts to retrieve any and all released copies of the Kern Behavioral Health and Recovery Services records;

(3) inform the person or persons to whom the Kern Behavioral Health and Recovery Services records were disclosed and/or released of all the terms of this Protective Order; and

(4) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**E.     Reservation of Rights and Objections**

1.     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

2.     Right to Assert Other Objections. This Protective Order does not constitute a waiver or denial of any Party's right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, this Order does not constitute a waiver or denial of any Party's right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**F.     Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants' attorney agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

//
//
//
//

trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

So Stipulated.

Dated: July 25, 2018                    /s/Ken Karan
                                        Ken I. Karan, Esq.
                                        *Attorney for Plaintiff Patrick J. Cavanaugh*

Dated: July 25, 2018                    /s/Lisa Tillman
                                        Lisa Tillman, Esq.
                                        *Attorney for State Defendants*

Dated: July 25, 2018                    /s/Marshall S. Fontes
                                        Marshall S. Fontes, Esq.
                                        *Attorney for County Defendants*

## ORDER

The Court has reviewed the foregoing stipulated protective order. Pursuant to Federal Rules of Civil Procedure Rule 26(c), and finding good cause hereon, the Court adopts the parties' stipulation as the Court's order.

IT IS SO ORDERED.

Dated:  **July 28, 2018**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ (date) in the case of Patrick J. Cavanaugh v. Donny Youngblood, et al., Case No. 1:17-cv-00832-DAD-JLT. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Executed this _____ day of _____, 201___ in _____(City and State where sworn and signed.)

Printed Name: _____

Signature: _____