# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. CAVANAUGH,<br><br>    Plaintiffs,<br><br>v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-0832- LJO - JLT<br><br>ORDER DENYING COUNSEL'S REQUEST FOR THE COURT TO ORDER THE WARDEN TO ALLOW TELEPHONE CONTACT AS LACKING JURISDICTION<br><br>(Doc. 88) |

    At his attorney's request (Doc. 76), the Court has ordered (Doc. 78) that the plaintiff to be transported to the settlement conference to occur on August 18, 2019. On August 12, 2019, the Clerk of the Court was contacted by a staff member at Corcoran State Prison who reported that Mr. Cavanaugh was refusing to be transported on the writ the Court issued (Doc. 78). The email reads, "Good morning, I received an email from CCI where inmate is currently housed. Inmate has refused to transfer to COR for OTC. We are waiting for a refusal chrono from CCI will forward once receive."

    It appears that the CDCR was intending to transfer Mr. Cavanaugh to Corcoran State Prison to house him there at least until the settlement conference date.[1] Whether he would be transferred to Corcoran State prison permanently is unknown. In any event, this was followed-up with the filing of the "refusal chrono" indicating that Mr. Cavanaugh chose not to attend the settlement conference—a

---

[1] In the Court's experience, transport to Court is often made with the inmate spending significant amounts of time away from his normal place of incarceration or may be the impetus for CDCR to change the inmate's housing location permanently. The Court has seen this many, many times. Mr. Cavanaugh's refusal to be transported may be due to these reasons or because he simply does not believe settlement is likely.

decision he is free to make.

The Court has ordered the plaintiff's counsel, Mr. Karan, to report whether the settlement conference may go forward in the plaintiff's absence (Doc. 84) Mr. Karan reports that he disbelieves the report that Mr. Cavanaugh refuses to be transported and questions whether the refusal relates to this case or some other court proceeding. He offers no explanation that he has had recent contact with Mr. Cavanaugh during which the plaintiff had expressed a desire to be present, or why people completely unrelated to this action would seek to thwart Mr. Cavanaugh's attendance at the settlement conference. Indeed, the CDCR transports hundreds of inmates per year to this Court for court-related purposes, and there have been few occasions on which inmates do not appear. This suggests that the CDCR does not have a pattern of refusing to transport inmates to Court. Moreover, the email to the Clerk of Court makes clear that though Mr. Cavanaugh was to begin his travels to Corcoran on August 13, 2019[2]--rather than appearing in Court on August 13, 2019, as Mr. Karan muses—the reason for the transportation effort was in response to the writ issued by this Court.

Mr. Karan reports that he has been in contact with the Litigation Coordinator at CCI, where Mr. Cavanaugh is currently housed. (Doc. 88 at 3-4) He does not report the response he has received from the Litigation Coordinator and the Court suspects he hasn't yet received one. Id. Nevertheless, without demonstrating any basis for the Court's jurisdiction to act, he urges the Court to order the Warden at CCI to arrange a telephone call between Mr. Karan and Mr. Cavanaugh by the end of the day. Though the Court has the authority to order the Warden to produce Mr. Cavanaugh pursuant to a writ of habeas corpus ad testificandum, it lacks generalized authority over the CDCR—who is not a party to this litigation—or its employees in general. Thus, Mr. Karan must proceed through the normal channels for arranging a call with his client.

///
///
///
///

---

[2] Mr. Karan does not suggest that Mr. Cavanaugh has any other court actions pending that would require transportation.

In the event Mr. Karan is unable speak with the plaintiff before the end of the day on August 15, 2019 and, therefore, cannot confirm he is vested with settlement authority as required by the Court's August 12, 2019 order (Doc. 84), the Court will simply continue the settlement conference to allow time for Mr. Karan to speak with Mr. Cavanaugh. The trial is not scheduled until November so there is time to do so. Thus, based upon the foregoing, the request is **DENIED**.

IT IS SO ORDERED.

Dated: **August 14, 2019**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE