# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. CAVANAUGH,<br><br>      Plaintiffs,<br><br>  v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>      Defendants. | Case No.: 1:17-cv-0832- LJO - JLT<br><br>ORDER DENYING REQUEST TO EXTEND THE DEADLINE BY WHICH TO FILE THE DISMISSAL DOCUMENTS<br><br>(Doc. 95) |

Recently, defense counsel Mr. Thomson contacted the Clerk of the Court by email (with a copy to opposing counsel) requesting an informal telephonic conference related to a disagreement as to verbiage of the settlement document. Defense counsel reported,

> Mr. Karan and I have been unable to agree on the extent of the settlement and the language for the Settlement Agreement and Release. I would respectfully request an informal conference to discuss the nature and extent of the agreed upon settlement and the appropriate language for the Settlement Agreement.
> Alternatively, we should also discuss the possibility of withdrawing the settlement agreement and replacing the matter on the trial calendar.
> If you have further questions regarding the forgoing, I am willing to submit further information.

When the Clerk of the Court sought acceptable times for the conference from plaintiff's counsel, Mr. Karan, he responded,

> The only term at issue, as far as I can tell, is Mr. Thomson's desire to use this settlement to resolve a case pending in the superior court. The proposed release drafted by Mr. Thomson includes extremely broad terms of matters to be released without any specific references to the superior court case. Therefore, I included a sentence to

1

| | |
|---|---|
| 1 | explicitly exclude the superior court case from the terms of the release. Mr. Thompson found that to be unacceptable. Mr. Thomson will tell the Court that some of the facts in this case overlap some of the facts in the superior court. That does not render the superior court case this case. The two cases seek different results. The superior court case does not include a claim for damages. |
| 2 | |
| 3 | |
| 4 | At no point in this case did either Mr. Fontes or Mr. Thomson, or anybody representing Defendants here, raise the issue of the superior court case in the context of settling this case. A dismissal of the superior court case is a material issue. Mr. Cavanaugh did not agree to dismiss the superior court case. Such a dismissal is not a term of this settlement agreement. Mr. Cavanaugh objects to the County's attempt to obtain a resolution of the superior court case through the backdoor of an over broad release in this case. |
| 5 | |
| 6 | |
| 7 | I recall the Court's admonition to Mr. Cavanaugh on the record stressing to him that he does not get a do-over because he decides the next day that the deal wasn't good enough. The same applies to Defendants. |
| 8 | |
| 9 | I see no reason to involve the Court in this matter. This case has been settled and put on a dismissal track. The only obligation at issue is the obligation to work in good faith to memorialize the material terms of the agreement as set forth on the Court's record. |
| 10 | |

After reading Mr. Karan's comments (which were also copied to Mr. Thomson), Mr. Thomson then provided a little more detail from the defendants' perspective,

> The defendants have sent Mr. Karan at least four different iterations of the Settlement Agreement with one or more offering to exclude by Court and case number the matter to which he is referring. Mr. Karan continues to refuse to sign and have his client sign the proposed Agreement.
> While defendants believe that Cavanaugh and Karan agreed to forever dismiss all allegations regarding the incident, which would end that portion of his writ matter, defendants have attempted to work with Mr. Karan to resolve the issue, but to no avail. In light of the continuing refusal, we would seek to learn the Court's thoughts on what was "dismissed" on the record at the Settlement Conference.

Seemingly Mr. Karan believed the parties could resolve the matter themselves and, therefore, Mr. Karan felt the Court's involvement was unnecessary. Thus, the Court did not schedule the conference.

Now, Mr. Karan has filed a request to extend the deadline to file the dismissal documents. (Doc. 95) Mr. Karan and the plaintiff cannot have it both ways. Either they believe the parties can resolve the dispute or they can't. If they can, there is no reason why they cannot resolve it and have the dismissal documents filed as order. Thus, the request is DENIED.

IT IS SO ORDERED.

Dated: **September 9, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE